Electronically Filed - St Charles County - Circuit Court - August 10, 2012 - 11:09 AM CDT

IN THE CIRCUIT COURT
ASSOCIATE DIVISION
ST. CHARLES COUNTY
STATE OF MISSOURI

ARRIC PLOCH )
 )
    Plaintiff, )
v. ) CASE NO. 1211-AC05767
 )
ARS NATIONAL SERVICES, INC. )
 )
    Defendant. )
 )
Serve Defendant at: )
CSC Lawyers Incorporating Service Company )
221 Bolivar Street )
Jefferson City, MO 65101 )
 )  **JURY TRIAL DEMANDED**

## PETITION

COMES NOW, Plaintiff, Arric Ploch, and for his Petition states as follows:

### INTRODUCTION

1.    This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2.    Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION AND VENUE

3.    This Court has jurisdiction of the FDCPA claim under 15 USC 1692k(d). Venue is appropriate in this Court because Plaintiff resides in St. Charles County, Missouri and the illicit collection conduct was directed to Plaintiff in the St. Charles County, Missouri.

### PARTIES

4.    Plaintiff is a natural person currently residing in St. Charles County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

1

5. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. Specifically, Plaintiff believes the debt at issue is from his use of a personal credit card from Chase bank.

6. Defendant is, upon information and belief, a foreign corporation with its principal place of business located in Oaks, PA. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

8. Defendant's collection activity began in approximately August of 2012.

9. Defendant's collection activity consisted of telephone calls to Plaintiff's home telephone number and one dunning letter, as described below.

10. On or about August 3, 2012, Defendant telephoned Plaintiff at his residence and, shortly thereafter also on August 3, 2012, Plaintiff returned the call.

11. As of the August 3, 2012 call, Plaintiff had received nothing in writing from Defendant and had never heard from or of Defendant before.

12. The August 3 call was the initial collection communication between Plaintiff and Defendant.

13. In the August 3 call, Plaintiff informed Defendant that he had received nothing in writing from Defendant.

14. Defendant described that the debt was in excess of $2,000 and asked Plaintiff to pay the debt immediately.

15. Plaintiff explained that the amount sounded too high, noted that he was not familiar with Defendant, and told Defendant that he would seek validation of the balance due.

2

Electronically Filed - St Charles County - Circuit Court - August 10, 2012 - 11:09 AM CDT

Electronically Filed - St Charles County - Circuit Court - August 10, 2012 - 11:09 AM CDT

16. Defendant told Plaintiff that it had already sent out validation of the debt.

17. Defendant did not send out validation of the debt. At best, Defendant sent a dunning letter to Plaintiff on this date.

18. Defendant proceeded to once again demand payment from Plaintiff and told Plaintiff that it didn't know how long it could "hold on" to the debt before collection activity would escalate.

19. On August 9, 2012, Plaintiff received Defendant's first and only collection letter. It was in fact a mere dunning letter and was not validation of the debt. The letter specifically advised Plaintiff that he could *notify* Defendant that the validity of the debt was in question but did not provide any validation of the debt.

20. Defendant again called Plaintiff on August 9, 2012 at Plaintiff's residence and Plaintiff, shortly thereafter, returned the call.

21. Plaintiff told Defendant that he disputed the validity of the debt and was disappointed that Defendant sent only a collection letter and not validation of the debt.

22. In response, Defendant insisted that it validated the debt and again demanded that Plaintiff pay the debt within the thirty-day dispute period provided for in the initial letter.

23. Defendant's above-described conduct overshadowed Plaintiff's dispute and verification rights pursuant to 15 U.S.C. § 1692g.

24. Defendant's conduct caused Plaintiff to think that he had to pay the debt during the dispute period.

25. Plaintiff never entered into any agreement whereby he consented to arbitrate disputes between himself and Defendant.

26. Defendant's above described conduct caused Plaintiff to suffer agitation, stress, anxiety, and sleeplessness. Plaintiff simply asked for validation of the debt, and Defendant lied

3

Electronically Filed - St Charles County - Circuit Court - August 10, 2012 - 11:09 AM CDT

to him about the same and aggressively tried to collect on a balance that Plaintiff did not agree with.

### COUNT I: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

28. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

a. Overshadowing Plaintiff's right to dispute the debt. 15 U.S.C. § 1692g.

b. Using deception and lies to try and collect the balance due from Plaintiff. 15 U.S.C. § 1692d-f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the FDCPA;

B. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

C. For such other relief as the Court may deem just and proper.

**EASON & VOYTAS, LLC**

/s/ Richard A. Voytas, Jr.
**RICHARD A. VOYTAS, JR. #52046
JAMES W. EASON, #57112**
Eason & Voytas, LLC
1 North Taylor Ave.
St. Louis, Missouri 63108
Phone: (314) 932-1066
Fax:    (314) 667-3161